IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC, CLERK CHARLESTON, SC

2011 MAY -9 P 2: 56

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 4:02-0267-CWH-15 |
| ) | |
| vs. ) | |
| ) | |
| Herman Nathaniel Scott, ) | **ORDER** |
| ) | |
| Defendant. ) | |

## I. Background

On October 29, 2002, the defendant, Herman Nathaniel Scott ("the defendant"), pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine. (ECF No. 377). On January 24, 2003, the Court found his sentencing range under the guidelines to be 210 to 265 months and sentenced him to 210 months imprisonment. (ECF No. 388). On appeal, the defendant challenged the calculation of his criminal history category. Thereafter, the United States filed an unopposed motion to remand the case for re-sentencing, which was granted by a panel of the Fourth Circuit Court of Appeals. (ECF No. 427). At re-sentencing, the Court again sentenced the defendant to 188 months imprisonment. (ECF No. 441). The Fourth Circuit affirmed the defendant's conviction, but vacated his sentence and remanded for proceedings consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Scott, 142 F. App'x 710, 711 (4th Cir. 2005) (per curiam).

On remand, the Court determined that the applicable guideline range was 188 to 235 months of imprisonment. The Court then heard argument from the parties regarding the 18

U.S.C. § 3553(a) factors and ultimately decided that the previous sentence was both reasonable and appropriate. At the conclusion of the second sentencing hearing, this Court resentenced the defendant to 188 months, using the advisory sentencing guidelines. (ECF No. 468). The defendant again appealed the Court's sentence, arguing that the sentence imposed was unreasonable. The Fourth Circuit reviewed the sentencing transcript and affirmed the sentence. United States v. Scott, 194 F. App'x 138, 140 (4th Cir. 2006) (per curiam). The defendant did not file a writ of certiorari with the United States Supreme Court, nor did he file a petition pursuant to 28 U.S.C. § 2255.

## II. The pending motion

On June 8, 2009,[1] the defendant filed a motion to correct an alleged error in his presentence investigation report ("PSR"). (ECF No. 626). In his motion, the defendant argues that his PSR is incorrect because he should not have received a two-point enhancement for having a gun. As this information was relied upon by the Court in sentencing, the defendant's argument is required to be raised in a § 2255 motion, because it seeks the correction of his sentence.

## III. Notice of intent to recharacterize this motion as a § 2255 motion

"[A] district court may not recharacterize a prisoner's filing as a § 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his

---

[1] See Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



Page 2 of 5

motion." United States v. Blackstock, 513 F.3d 128, 131 (4th Cir. 2008); see also Castro v. United States, 540 U.S. 375, 383 (2003).

The Court finds that the defendant's motion to amend his PSR should be converted to a motion under 28 U.S.C. § 2255. Accordingly, the defendant is hereby notified that the Court intends to recharacterize his motion as Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, unless the Court hears to the contrary within thirty (30) days from the date of this order. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In deciding whether to proceed under § 2255, or as filed, the defendant is advised that only one § 2255 motion is permitted to be filed. Furthermore, a prisoner is not entitled to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. §§ 2244, 2253.

In addition, the defendant should note the following 1-year period of limitations for filing a § 2255 motion. A § 2255 motion must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The defendant shall have thirty (30) days from the date of this order in which to inform the Court, in writing, if he does not wish for his motion to be construed as a § 2255 petition.[2] If, at the end of that 30 day period, the Court has not received a response from the defendant, this motion will be recharacterized as a § 2255 petition. If the defendant does file an objection to recharacterization, this motion will be ruled on as styled.

The defendant also is notified that if this matter is recharacterized as a § 2255 petition, it appears that the § 2255 petition would be barred as untimely under the Antiterrorism and Effective Death Penalty Act's 1-year limitation period. See 28 U.S.C. § 2255(f). The defendant's sentence was affirmed on August 11, 2006. Scott, 194 F. App'x at 140. As stated above, the defendant did not file a petition for a writ of certiorari with the Supreme Court, and therefore the judgment became final, by this Court's count, on November 9, 2006, the expiration

---

[2] The defendant may also inform the Court if he wishes to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro, 540 U.S. at 383.



date of the 90-day period during which he could have filed a certiorari petition in the Supreme Court. Clay v. United States, 537 U.S. 522 (2003). The defendant had one year – until November 9, 2007 – to file a § 2255 petition. The defendant filed this motion on June 10, 2009, over two and one-half years after judgment became final. Therefore, the § 2255 motion would appear to be untimely on its face.

A district court has the authority to dismiss a § 2255 motion without ordering the government to respond if the motion violates the 1-year limitations period described above. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n.4 (4th Cir. 2004) (applying the holding in Hill v. Braxton to § 2255 motions). Should the defendant agree to a recharacterization of this motion to one under § 2255, the defendant must respond and present any facts that demonstrate the 1-year limitations period should not apply to bar the motion.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization and to file any material he wishes to support a claim that this action has been filed within the limitations period described above within 30 days from the date of the filing of this order. Failure to respond within the allotted time will result in the original motion being recharacterized as a § 2255 motion and dismissed as untimely.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

May 9, 2011
Charleston, South Carolina